IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KERRY L. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00312-GPM |
| | ) | |
| **DEANNA M. BROOKHART,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Kerry L. Brown was recently released from the Illinois Department of Corrections ("IDOC"). Brown has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was housed at Robinson Correctional Center, Defendant Deanna M. Brookhart issued him unfounded disciplinary tickets, which ultimately caused him to be held in custody eight months longer than his scheduled release date. Plaintiff contends that the disciplinary tickets were issued in violation of IDOC Rule 504.30(b), which requires an employee to witness or receive notice of the commission of a disciplinary violation. Brown further asserts that the issuance of the tickets violated his Sixth Amendment right to be informed of the nature and cause of the accusations against him, and his right under the Fourteenth Amendment to due process and the equal protection of the law. Plaintiff seeks monetary damages, injunctive relief, and for eight months to be deducted from his term of probation. The case is now before the Court for a threshold review of the complaint under 28 U.S.C. § 1915A. After fully considering the allegations in the complaint, the Court concludes that this action is subject to summary dismissal.

Plaintiff's claims go to the validity of the length of his sentence because of his loss of good conduct credits.  In *Edwards v. Balisok,* 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of ... [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus.  *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). "[T]he *Heck* requirement is an essential element of a [Section] 1983 claim; indeed, the claim does not arise until the requirement is met." *Dixon v. Chrans,* 101 F.3d 1228, 1230 (7th Cir. 1996), citing *Rooding v. Peters,* 92 F.3d 578 (7th Cir. 1996).  The complaint does not suggest that Plaintiff has had the disciplinary decision invalidated.  He must first seek return of his good time through state remedies and/or via a federal habeas corpus action before he can state a § 1983 claim on these allegations.  Accordingly, this action must be dismissed.

Additionally, Plaintiff has pending a motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 3).  Under 28 U.S.C.1915(a)(1), a civil case may be permitted to proceed without prepayment of fees, if the plaintiff "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case, demonstrating that he has no appreciable assets.   However, because this action is being dismissed, these pending motions are moot.

**Disposition**

**IT IS THEREFORE ORDERED** that, for the reasons stated, this action is **DISMISSED** without prejudice.  All pending motions are deemed moot and the Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

Plaintiff is **ADVISED** that if he wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). The appellate filing fee is $455.00. Any motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

DATED:  April 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge